UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AFTON VILLA CONDOMINIUM ASSOCIATION, INC. | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | * | MAGISTRATE: |

*************************************************************************

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes defendant**,** State Farm Fire and Casualty Company (hereinafter "State Farm"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action bearing case number C-772273 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is properly before citizens of different states. The grounds for removal are as follows:

1.

Defendant State Farm's designated agent for service, CSC, received notice of this lawsuit on January 21, 2026.[1]

---

[1] *See* Exhibit A, Petition for Damages, at p.1

2.

According to the Petition for Damages Plaintiff, Afton Villa Condominium Association, Inc., is a non profit corporation organized and existing under Louisiana Law, with its domicile in East Baton Rouge Parish.[2] As such, Plaintiff is considered a citizen of the State of Louisiana.

3.

Defendant, State Farm Fire and Casualty Company, is a foreign corporation, incorporated under the laws of the State of Illinois, and having its principal place of business in Bloomington, Illinois.

4.

Plaintiffs' Petition for Damages alleges breach of contract claims against State Farm due to State Farm's alleged "purposefully and/or negligently failing to timely tender undisputed insurance proceeds."[3]

5.

Plaintiffs' Petition for Damages further makes bad faith allegations against State Farm under 22:1892 and 22:1973 for State Farm's alleged failure to timely pay the claim within statutory deadlines.[4]

6.

In connection with their breach of contract and bad faith claims, Plaintiff asserts they have incurred the following damages:

   a) Damage to the buildings and other structures located at the Insured Property;

   b) Mitigation, remediation and repair costs:

---

[2] *See* Exhibit A, Petition for Damages ¶¶"1
[3] *See* Exhibit A, at Petition for Damages ¶¶ 24
[4] *See* Exhibit A, at Petition for Damages ¶¶ 26-31

    c) Diminution in value;

    d) Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

    e) Business income/opportunity loss and extra expenses;

    f) Penalties as allowed by law;

    g) Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub coverage-limits, including but not limited to increased cost of construction;

    h) Any and all consequential damages caused by Defendant's breaches;

    i) Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a results of Defendant's breaches; and

    j) Any and all other damages that are shown through discovery and/or proven at the trial of this matter. [5]

7.

Plaintiff's petition further alleges that State Farm received satisfactory proof of loss. [6] Said satisfactory proof of loss is an estimate for damages provided by Tom Doise, LLC totaling $2,511,032.13.[7]

8.

State Farm's investigation of the loss, which involved an inspection by an engineer, resulted in the claim being denied.[8]

9.

Plaintiff's petition for damages does not contain a stipulation that their damages do not exceed $75,000.00, exclusive of interest and costs.

---

[5]    *See* Exhibit A, at Petition for Damages ¶¶ 32
[6]    *See* Exhibit A, Petition for Damages ¶¶ 14
[7]    *See* Exhibit B, at Tom Doise, LLC Estimate
[8]    See Exhibit C, at Inspection results letter.

10.

When considering the contractual difference of $2,511,032.13, Plaintiff's demand for penalties and attorney's fees pursuant to La R.S. 22:1892 and 22:1973, and Plaintiff's claim of damages related to mental anguish, State Farm avers that the amount in controversy exceeds the jurisdictional threshold of $75,000 required for removal.

11.

For purpose of this removal, it is "facially apparent" that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, when Plaintiff's claims against Defendant are considered, and because Plaintiff has not stipulated and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff's Petition offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to Davis, et al v. State Farm, et al, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006).

12.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F. 3d 730 (5th Cir. 2002).

13.

If, under state law, the plaintiff will not be limited to recovery of the amount pleaded in his lawsuit, the Court must look to the true amount in controversy. See De Aguilar v. Boeing Co., 47 F. 3d 1404, 1410 (5th Cir. 1995).

14.

"This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded. Louisiana is such a state and has been at least since 1960 when its Code of Civil Procedure was enacted." Grant v. Chevron Phillips Chemical Co., 309 F. 3d 864, 869 (5th Cir. 2002).

15.

"It is a general rule that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." De Aguilar, 47 F. 3d at 1408 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' Id. at 1410; see Pendleton v. Parke-Davis, 2000 WL 1808500 (E.D. La. 2000); see also Shaffer v. Palm Harbor Homes, Inc., 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004); Hood v. Gulf States Pipeline Corp., 2006 WL 548625 (W.D. La. 2006).

16.

In Grant, the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."

(Internal citations omitted.)  (Emphasis in original.)

17.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000."

Grant, 309 F. 3d at 869, quoting De Aguilar, 47 F. 3d at 1412; see also Hood v. Gulf States Pipeline Corp., 2006 WL 548625, (W.D. La. 2006).

18.

The damages alleged by Plaintiff are damages claimed in relation to the property damage at issue and the resulting insurance claim, including extra-contractual damages claimed for statutory penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. Although Defendant denies that it acted in bad faith or breached any duty owed to the Plaintiff, penalties and attorney's fees are properly considered when calculating the amount in controversy for an insurance claim. See Clark v. State Farm Fire and Casualty Co., Civ No. 14-673, 2015 WL 1247011 (M.D. La. Mar. 18, 2015); Albarado v. State Fire Mut. Auto. Ins. Co., No. CIV. A. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

19.

In regard to the date in which the 30-day removal clock starts, the Eastern District of Louisiana noted in Crescent City Holdings, LLC v. Scottsdale Ins. Co., 2008 WL 783592 (E.D. La. Mar. 25, 2008), that "[T]he general rule is that the thirty-day clock does not begin to run when a statutory agent such as the Secretary of State is served." Hibernia Cmty. Dev. Corp., Inc. V. U.S.E. Cmty. Servs. Group, Inc., 166 F.Supp.2d 511, 513 (E.D.La.2001) (Clement, J.). "This is because [r]ealistically speaking, of course, these kinds of statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3732 (3d ed.1998). *Id* at *2.

20.

The United States District Court, Middle District of Louisiana echoed this finding in <u>First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc</u>., 12-CV-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012), where the Court noted there was "no reason to depart from the well established rule that the thirty day time period for removal does not begin to run until a defendant is actually supplied with a plaintiff's initial state court petition."

21.

As noted above, State Farm's agent for service of process, CSC, received notice of this lawsuit on January 21, 2026, which would make the 30-day deadline to remove this matter fall on February 20, 2026.

22.

Because State Farm filed this removal on February 19, 2026, this removal was filed timely pursuant to the rules established in <u>Crescent City Holdings, LLC v. Scottsdale Ins. Co</u>., 2008 WL 783592 and <u>First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.</u>, 12-CV-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012)

23.

While Defendant admits no liability nor any element of damages, under the rules of <u>DeAguilar</u> and <u>Grant</u>, State Farm has met its burden of showing by a preponderance of evidence that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

24.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

WHEREFORE, Defendant State Farm Fire and Casualty Company, hereby gives notice that the proceeding bearing number C-772273 the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, has been removed to the docket of this Court for trial and determination as provided by law. Removing Defendant prays that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

Respectfully submitted:

*/S/Christopher M. Gensler*
**CHRISTOPHER M. GENSLER (#39008)**
Porteous, Hainkel & Johnson, L.L.P.
408 N. Columbia Street
Covington, LA 70433
Telephone: (985) 893-4790
Fax: (985) 246-7455
cgensler@phjlaw.com

**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 383-8900
Facsimile: (225) 383-8900
cchassaignac@phjlaw.com

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

**I DO HEREBY CERTIFY** that on February 19, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that a copy of the foregoing Notice of Removal has been sent to the following:

**PANDIT LAW FIRM, LLC**
RAJAN PANDIT, Bar No. 32215
MICIIAEL FINKELSTEIN, Bar No. 35476
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820

**ROBICHAUX, MIZE, WADSACIC,**
**RICFIARDSON & WATSON, LLC**
**MATTIIEW M. MIZE, Bar No. 33993**
**1777 Ryan Street (70601)**
**P. O. Box 2065**
**Lake Charles, LA 70602**
**Telephone: (337) 433-0234**
**Facsimile: (337) 433-8595**
*Counsel for Plaintiff, Afton Villa Condominium Association, Inc*

**Honorable Doug Welborn**
East Baton Rouge Parish Clerk of Court
19th Judicial District Court
 222 St Louis St
Baton Rouge, LA 70802

For filing in the state court action entitled "*Counsel for Plaintiff, Afton Villa Condominium Association, Inc versus State Farm Fire and Casualty Company*" bearing Case No. 772273, on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge State of Louisiana

                                                  */s/ Christoper M. Gensler*

                                                  _____
                                                  **CHRISTOPHER M. GENSLER, ESQUIRE**